# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Scott Roman Parizek, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| Ward County Jail, | ) | Case No. 1:18-cv-115 |
| Defendant. | ) | |

The petitioner, Scott Roman Parizek, is an inmate at the North Dakota State Penitentiary. He initiated the above-entitled action *pro se* and *in forma pauperis*[1] in late May 2018. He filed a notice of his consent to the undersigned's exercise of jurisdiction on June 7, 2018. On June 15, 2018, he filed a supplement/second petition. For the reasons, set for the below this action is dismissed without prejudice.

## I. BACKGROUND

On May 31, 2018, Parizek filed a "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody." Although styled as a petition for habeas corpus relief, he is not challenging the validity of his conviction or sentence in state district court. Rather, he takes issue with his medical treatment or lack thereof while in custody at the Ward County Jail. Specifically, he claims:

Ground One: Medical Malpractice

I went to CMS on October/22/2016 and I was jailed on Nov/2/2016 to Nov/22/206. On Nov/22/2016 I was rushed to trinty. I was denied Methadone and my heart pills

---

[1] The court granted Parizek leave to proceed *in forma pauperis* and waived the $5.00 filing fee for habeas actions.

1

for 20 days. On Nov/22/2016 my heart ills of 22 years were doubled. My aorta aniorisum got bigger. I went through ungodly withdrawals, my MAT American Disability . . . rights were violated, I contacted the DOJ.

Ground Two: I was denied methadone every Sunday while in custody at Ward County Nov/14/2017 - March/4/2018

There wasn't a nurse on that day to give me my medication was the excuse but I went through withdraws so badly with a sever heart condition I plead out my civil rights were violated.

(Doc. No. 2) (errors in original). In his prayer for relief, he asked to either be paroled to the "Fargo center" or released.

On June 15, 2018, Parizek filed a second petition asserting three grounds for relief: (1) "American Disability Act under the MAT/medical malpractice;" (2) "Denied heart pills for 14 days while methadone was also denied;" and (3) "Denial of methadone every Sunday from Nov/14/2018-March/2018." (Doc. No. 6).

## II. DISCUSSION

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing Preiser v. Rodriguez, 411 U.S. 47 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." Id. "It is the substance of the relief sought which counts." Id. "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." Id.

Here, Parizek is not directly challenging the fact or duration of his confinement. Rather, he is claiming that he was denied access to medical treatment/medication while confined at a county jail in violation of his civil rights. Such claims are not cognizable under the guise of habeas action.

2

See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (delineating some of the fundamental differences between a civil rights action under 42 U.S.C. § 1983 and a habeas action under 28 U.S.C. § 2254). Because Parizek is not challenging the validity of his conviction or sentence, the above-entitled action is subject to dismissal for lack of jurisdiction. Id.; see also Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993) (citing 28 U.SC. § 2254 for the proposition that "Federal courts have jurisdiction to entertain an application for a writ of habeas corpus ... only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotation marks omitted)).

Under different circumstances the court could construe the petition as a Complaint and proceed accordingly upon Parizek's submission of the paperwork necessary to assess the $350.00 filing fee for civil rights actions. However, there is a problem with Parizek's pleadings: the Ward County Jail, the named defendant, is not amenable to suit under 42 U.S.C. § 1983. See De La Garza v. Kandiyohi County Jail, Corr. Inst., No. 01-1966, 2001 WL 987542, at *1 (8th Cir. Aug. 30, 2001) (unpublished per curiam opinion) (affirming the district court's dismissal of an inmate's suit against a county jail and county sheriff's department); see also Barnes v. Cuyahoga County Jail, No. 1:09CV2671, 2010 WL 148136, at *1 (N.D. Ohio Jan. 12, 2010) ("In order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. A jail is a building wherein prisoners are held and is not a person. Therefore, a jail is not a legal entity amenable to suit under 42 U.S.C. § 1983." (internal citations omitted)); Arwood v. Bradley County Jail, No. 1:07-cv-156, 2007 WL 3120866, at * 2 (E.D. Tenn. Oct. 23, 2007) ("The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a 'person' within the meaning of § 1983."); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983

imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person'—it is not a legal entity to begin with."); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 894 (E.D. Va.1992) (concluding that local jails in Virginia are not considered persons under § 1983); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").[2] Hence, the court concludes that Parizek simply needs to start over and file a proper action against a proper defendant.

## III. CONCLUSION

Parizek's petition for habeas corpus relief (Doc. No. 2) is **DENIED** and the above-entitled action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated this 21st day of June, 2018.

>  */s/ Charles S. Miller, Jr.*
>  Charles S. Miller, Jr., Magistrate Judge
>  United States District Court

---

[2] Also problematic for Parizek is that medical malpractice are not tantamount to a constitutional violation and that a claim of medical malpractice is not actionable under the guise of a § 1983 claim. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ( opining that"[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); see also Jackson v, Buckman, 756 F.3d 1060, 1065-66 (8th Cir. 2014) ("Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference.").